UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  0:17-cv-61312-BLOOM/Valle

**EMILY FULLER**,

    Plaintiff,

vs.

**ACE HARDWARE CORPORATION (DELAWARE)**, a foreign for-profit corporation,

    Defendant.

_____/

## PLAINTIFF COUNSEL'S VERIFIED CERTIFICATE REGARDING ANY PRIOR FILINGS UNDER THE AMERICANS WITH DISABILITIES ACT

    Counsel for Plaintiff EMILY FULLER, hereby file this Verified Certificate Regarding Any Prior Filings Under the Americans With Disabilities Act in according with the Court's July 5, 2017 Order requiring same [D.E. 4].  As officers of the Court and attorneys for Plaintiff, the undersigned counsel hereby verify and certify to the following:

    1.    This is an action, among other claims, for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36, to prevent disability discrimination and allow equal access to Defendant's internet website, www.acehardware.com, by a visually impaired and disabled Plaintiff.

    2.    The undersigned have conducted a thorough search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida, and have ascertained that there were six (6) other cases filed naming Ace Hardware Corporation or another entity doing business as "Ace Hardware" alleging public accommodation violations of the ADA.

Each of these cases are addressed separately below within the parameters and requirements of the Court's Order:

    a)    *Buchholz v. Aventura Hardgoods Company, LLC d/b/a Ace Hardware*, Case No. 11-cv-20151-CMA.  This was a case involving alleged ADA violations as to physical barriers to access of a particular physical location of an "Ace Hardware" store owned and operated by a company different and separate from the one sued here.  It did not involve the Ace Hardware Corporation owned and operated website as a separate place of public accommodation under the ADA, as here.  The case was privately and confidentially resolved and dismissed on May 4, 2011, without any details of the settlement disclosed, including the payment of attorney's fees and costs thereunder.  As the case did not involve the website access, but only physical access to a specific store location, it is not a similar case to that at issue here, and involves a different corporate defendant.

    b)    *Cohan v. Deerfield Ace Hardware, Inc. d/b/a Ace Hardware*, Case No. 16-cv-81670-DMM.  This was a case involving alleged ADA violations as to physical barriers to access of a particular physical location of an "Ace Hardware" store owned and operated by a company different and separate from the one sued here.  It did not involve the Ace Hardware Corporation owned and operated website as a separate place of public accommodation under the ADA, as here.  The case was privately and confidentially resolved and dismissed on February 14, 2017, without any details of the settlement disclosed, including the payment of attorney's fees and costs thereunder.  As the case did not involve the website access, but only physical access to a specific store location, it is not a similar case to that at issue here, and involves a different corporate defendant.

   c) *Cohan v. Aventura Hardgoods Company, LLC d/b/a Ace Hardware*, Case No. 17-cv-20605-RNS. This was a case involving alleged ADA violations as to physical barriers to access of a particular physical location of an "Ace Hardware" store owned and operated by a company different and separate from the one sued here. It did not involve the Ace Hardware Corporation owned and operated website as a separate place of public accommodation under the ADA, as here. The case was privately and confidentially resolved and dismissed on June 14, 2017, without any details of the settlement disclosed, including the payment of attorney's fees and costs thereunder. As the case did not involve the website access, but only physical access to a specific store location, it is not a similar case to that at issue here, and involves a different corporate defendant.

   d) *Hilson v. Ace Hardware Corporation d/b/a RV Martin Hardware*, Case No. 14-cv-20370-JAL. This was a case involving alleged ADA violations as to physical barriers to access of a particular physical location of an "Ace Hardware" store. It did not involve the Ace Hardware Corporation owned and operated website as a separate place of public accommodation under the ADA, as here. The case was privately and confidentially resolved and dismissed on May 30, 2014, without any details of the settlement filed or disclosed, including the payment of attorney's fees and costs thereunder. As the case did not involve the website access, but only physical access to a specific store location, it is not a similar case to that at issue here.

   e) *Rogers v. Ace Hardware Corporation (Delaware)*, Case No. 16-cv-80320-ROSENBERG. This was a case involving alleged ADA violations as to physical barriers to access of a particular physical location of an "Ace Hardware" store. It did not involve the Ace Hardware Corporation owned and operated website as a separate place of public accommodation under the ADA, as here. Indeed, it ultimately did not even involved the same defendant as here,

as evidenced by an amended complaint filed in the case on April 26, 2016, naming as the defendant Val-Da-Lar, Inc. in substitution for the original defendant, Ace Hardware Corporation (Delaware).  The case was resolved via a court-approved consent decree, and was closed on December 6, 2016. The consent decree called for the defendant to make changes and modifications to the physical access barriers and made no mention of any changes to a website, the relief being sought here.  The consent decree required the payment of $4,500.00 in attorney's fees and costs to Plaintiff's counsel.  As the case did not involve website access, but only physical access to a specific store location, it is not a similar case to that at issue here.

   f) *Moncada v. Ace Hardware Corporation (Delaware),* Case No. 17-cv-61336-DMM.  This case was filed shortly after the instant case, and is similar to the instant case in that it claims ADA violations for a blind individual's access to a mobile site – m.acehardware.com -- owned by the same Defendant as here.  The mobile site is and should be considered a different location than the website and also a separate place of public accommodation within the meaning of the ADA, requiring that it also not have impediments and barriers to access by blind or visually disabled individuals.  The case is presently pending with the same counsel representing the plaintiff in that case as represent Plaintiff here.

   3. As there are no prior settlement agreements with Defendant Ace Hardware Corporation (Delaware) involving its website compliance with the ADA, there were no prior efforts by the undersigned to request that Defendant comply with any specific settlement agreement requirements.

DATED:  July 7, 2017.

Respectfully submitted,

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>8751 W. Broward Blvd., Suite 303<br>Plantation, FL 33324<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br>Email:  rhannah@rhannahlaw.com<br><br>By____*s/ Roderick V. Hannah*_____<br>       RODERICK V. HANNAH<br>       Fla. Bar No. 435384 | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email: pduran@pelayoduran.com<br><br>By ____*s/ Pelayo M. Duran*_____<br>       PELAYO M. DURAN<br>       Fla. Bar No. 0146595 |